MONROE, J.
In July, 1901, the tax collector for the First District of New Orleans filed a rule in the First city court, alleging that the defendant was doing business in that district, under the name of the New York & New Orleans Confection Company, without having paid a sufficient license, that his gross receipts were in excess of $10,000 per annum, and that he owed the state a balance of $45, with 2 per cent, per month interest thereon from March 1, 1901. And interrogatories were served upon and answered by the defendant, from which it appears that, as a retail confectioner, he sells soda water, confections, cakes, etc., and that he also sells at the same stand “coffee, milk, bread, sandwiches, lunch, and other articles of food, such as are supplied at a restaurant”; that his receipts for soda water and confections for the year 1900 were less than $4,000, and from the other things mentioned exceeded $5,000, but did not amount to $15,-000, and, so far as he could judge, that they were likely to be about the same for the year 1901. It also appears that he has paid a license for 1901 of $5. In one of his answers to interrogatories, he says: “Whether I owe additional license to the state of Louisiana is a question of law, which I shall not undertake to answer. I have paid the license demanded of me, and I am advised that I owe nothing further.” In another answer he says: “It seems that I owe some amount as additional license for the year 1901, but I cannot say what amount is due.”
There was judgment against him for $50, with interest and costs, subject to a credit of $5, and he has appealed therefrom. The state appears to be proceeding upon the theory that the defendant owes what may be called a “confectioner’s license” upon his entire business, whereas the law (Act 171 of 1898, pp. 394, 395) provides as follows, to wit:
“Sec. 6. * * * That for every business of selling at retail * * * the license shall be based upon the gross amount of sales as follows: * * * Twenty-Third Class. When gross sales are less than $15,-000 and more than $5,000 the license shall be $10. * * *
“Sec. 13. * * * [Page 415.] Provided, that all persons engaged in the sale of soda water, mead, confections, cakes, etc., exclusively, shall be rated as follows: • * * Fifth Class. When the gross sales are $3,000 or more and under $4,000, the license shall be $5. * * *
“Sec. 17. * * * [Page 417.] That, when any two or more kinds of business are combined, except as herein expressly provided for, there shall be a separate license required for each kind of business.”
We find no express provision with respect to the combination of the businesses of confectioner and restaurateur, and conclude that the defendant is liable for a separate license for each.
The judgment appealed from is therefore annulled, avoided, and reversed, and the case is remanded, to be proceeded with according to the views herein expressed and the law; the costs of the appeal to be borne by the appellee, and those of the trial court to await, the final judgment.